1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8

AEGIR A. QUIROZ,                    )
                                    ) No. CV-04-3111-CI
9           Plaintiff,              )
                                    )
10    v.                            ) ORDER GRANTING IN PART
                                    ) PLAINTIFF'S MOTION FOR SUMMARY
11    JO ANNE B. BARNHART,          ) JUDGMENT AND REMANDING FOR
      Commissioner of Social        ) ADDITIONAL PROCEEDINGS
12    Security,                     ) PURSUANT TO SENTENCE FOUR OF
                                    ) 42 U.S.C. § 405(g)
13           Defendant.             )
                                    )
14                                  )

15      BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.

16   Rec. 11, 16), submitted for disposition without oral argument on

17   June 6, 2005.[1]  Attorney D. James Tree represents Plaintiff; Special

18   Assistant United States Attorney Joanne E. Dantonio represents

19   Defendant.    The parties have consented to proceed before a

20   magistrate judge. (Ct. Rec. 6.) After reviewing the administrative

21   record and the briefs filed by the parties, the court **GRANTS IN PART**

22   Plaintiff's Motion for Summary Judgment and **REMANDS** for additional

23   proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

24      Plaintiff, who was 39-years-old at the time of the

25   administrative decision, protectively filed applications for Social

26   ───────────────────

27       [1]The matter was considered prior to the hearing date because

28   the briefing was complete.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(G) - 1

Security disability and Supplemental Security Income benefits on August 20, 2001, alleging onset as of October 26, 1999, due to physical and mental impairments. (Tr. at 337-339, 484-486.) Plaintiff received an eighth grade education in Mexico and had past relevant work as a ranch field supervisor and agricultural laborer. (Tr. at 341.) His impairments followed two injuries on the job, a fall from a ladder in 1993 and again in 1999.

Plaintiff previously filed applications on November 9, 1999, for Title II benefits and on October 26, 1999, for Title XVI benefits. Those claims were denied initially, on reconsideration, and review later was dismissed by an ALJ on July 23, 2001. There has been no challenge to the dismissal and denial of reopening of those applications.

Following a denial of benefits and reconsideration, a hearing was held before ALJ Verrell Dethloff (ALJ). The ALJ denied benefits after concluding Plaintiff was able to perform his past relevant work. Review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff met the non-disability requirements for a period of disability through the date of the decision. Plaintiff had not engaged in substantial gainful activity due to severe impairments including depression and pain disorder, but those impairments were not found to meet the Listings. The ALJ concluded Plaintiff's testimony was not fully credible and that he retained the residual capacity to perform his past relevant work. (Tr. at

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(G) - 2

33.) Thus, the ALJ concluded there was no disability.

## ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he improperly rejected the opinions of Plaintiff's treating and examining physicians.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment"

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 3

which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

Plaintiff asserts the ALJ improperly rejected the opinions of the treating and examining physicians. He relies on the opinions of at least four doctors (Almedia, Maier, Williams and Whitmont), who opined Plaintiff was disabled due in large part to somatoform pain disorder. Plaintiff further contends the ALJ's reason for rejecting these opinions, that Plaintiff's complaints were not supported by objective medical evidence, is not supported by the record as Plaintiff's condition is psychological, not physical, and a symptom of the psychological impairment is lack of objective findings to support the subjective level of pain. It is undisputed there are no severe physical impairments supported by objective medical findings

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 4

1  other than mild disc bulging at L3-4.  (Tr. at 228.)

2      In  rejecting  the  opinions  of  the  treating  and  examining

3  physicians, the ALJ noted:

4      On the basis of the upon analysis with regard to mental
       impairment, the undersigned finds that the claimant has an
5      affective disorder as evaluated under Listing 12.04 and a
       pain disorder as evaluated under Listing 12.07, which is
6      consistent  with  the  State  Agency  medical  opinion  at
       exhibit B8F.  Having determined the claimant is subject to
7      a  medically  determinable  mental  impairment,  it  is  next
       necessary to consider what limitations, if any result from
8      the impairment as evaluated under the "B" criteria. Giving
       the claimant the benefit of doubt, I find that while his
9      mental  impairments  result  in  moderate  difficulties  in
       maintaining social functioning and moderate difficulties
10     in maintaining concentration, persistence and pace, the
       claimant  retains  the  residual  functional  capacity  to
11     perform simple repetitive tasks, i.e., tasks that are not
       detailed or complex, with limited public contact.

12
       In  reaching  this  conclusion,  I  have  as  noted  *supra*,
13     considered and accorded weight to the opinions of the
       reviewing professionals . . . .  Dr. Beaty and Dr. Brown
14     were  unable  to  make  an  assessment  prior  to  the
       consultative  evaluations  of  October  2001,  as  there  was
15     insufficient evidence of a mental impairment. Drs. Beaty
       and Brown reported that the claimant's IQ was not formally
16     assessed but there was no indication of retardation or
       gross cognitive deficits.  They opined that the claimant
17     was able to remember and execute simple instructions and
       that  he  was  able  to  sustain  concentration  for  simple
18     repetitive tasks.  Due to the claimant's depressed mood he
       should have limited contact with the public.  The doctors
19     also opined that the claimant was able to travel, make
       plans and take precautions.  Dr. Beaty and Dr. Brown
20     reported  that  Dr.  Williams'  opinion  concerning  the
       claimant's severe impairment was not well founded, in that
21     he stated the claimant's activities were essentially nil
       but  this  was  because  of  pain  as  evidenced  by  the
22     claimant's activities of daily living reports in Section
       E of the exhibits.  Also the claimant appeared to relate
23     well enough to doctors, which would not support a finding
       of seriously impaired social functioning.

24
   (Tr. at 26-27, references to exhibits omitted.)
25
       The DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION
26
   (DSM-IV), at  446-447  (1995) sets forth  the  criteria  to  support  a
27
   diagnosis  of  somatization.   Noteworthy  is  the  requirement  that
28
   ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
   REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
   U.S.C. § 405(G) - 5

laboratory tests indicate an absence of objective findings to support the subjective complaints. Pursuant to the DSMI-IV, somatic complaints begin after age 30 and occur over several years. If the symptoms occur in the presence of a general medical condition, the complaints will be in excess of what would be expected from the physical examination or laboratory tests. Additionally, the following are required: (1) a history of pain in at least four different sites (*e.g.,* head, abdomen, back, joints, extremities, chest, rectum) or functions (sexual intercourse, urination); (2) a history of at least two gastrointestinal symptoms other than pain; (3) history of least one sexual symptom other than pain, including erectile or ejaculatory dysfunction; and (4) history of at least one symptom, other than pain, that suggests a neurological condition (impaired coordination or balanced, paralysis, or localized weakness, difficulty swallowing or lump in throat, urinary retention). DSM-IV at 449.

The medical record reflects Plaintiff's complaints in all of these areas, including pain in at least four sites without objective findings (neck, lower back, legs, feet (Tr. at 462)), sexual dysfunction (Tr. at 455), weakness and parathesias (Tr. at 453), GERD (Tr. at 473), difficulty swallowing (Tr. at 527), and urinary retention (Tr. at 473). Thus, Plaintiff meets the diagnostic requirements of a somatization disorder.

As to the functional limitations resulting from the impairment, examining and treating physicians have found him to be disabled or moderately impaired. In February 2000, Dr. Butler found Plaintiff severely limited due to muscle spasm and limited motion. (Tr. at

470.)  In April 2000, Dr. Almaide limited Plaintiff to light work. (Tr. at 405, 406.)  In October 2001, psychiatrist Dr. Williams, following examination assessed Plaintiff's global assessment of functioning (GAF) at 45, indicative of serious impairment in one or more functional areas.  DSM-IV, at 32.  (Tr. at 423.)  Dr. Williams found Plaintiff was suffering from a "very significant and expanding" pain disorder which was becoming permanent.  (Tr. at 422.)  In 2001 and again in 2003, Dr. Maier opined Plaintiff would miss four or more days of work a month due to an eight-year history of chronic pain and somatic complaints.  (Tr. at 466.)  Finally, post hearing, psychologist Dr. Whitmont examined Plaintiff and administered several tests.  The Beck Depression Inventory placed Plaintiff at the top of the mild range of depression.  (Tr. at 501.) On the hand test, a projective measure of unconscious dynamics, Plaintiff was measured as an individual who is pro-social with no underlying psycho-pathology who feels incapable of productive action other than communication with others.  He feels "stuck, stalled and powerless." (Tr. at 501.) The MMPI-2 demonstrated findings opposite of malingering, that Plaintiff was denying the psycho-pathology and was attempting to present himself in a positive light.  Dr. Whitmont noted Plaintiff's GAF was 50, indicative of serious impairment and that he was unable to engage in work.  DSMI-IV at 32.  (Tr. at 502.)

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989).  If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing"

reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.    While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with clear and convincing reasons. *Holohan*, 246 F.3d at 1202-03.    Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

Here, the ALJ did not specifically address the opinions of the treating physicians; rather, he noted there were no objective findings to support the level of pain and that Plaintiff did not seek mental health treatment, despite a recommendation from Dr.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 8

Williams. (Tr. at 24.) The ALJ rejected Dr. Williams' finding that Plaintiff's activities were "essentially nil" as being unattributable to the mental condition, because of Plaintiff's representation he did nothing due to pain. (Tr. at 27.) This conclusion is not supported by the record because the somatization disorder, by definition, involves pain complaints that are not substantiated by objective findings.

In contrast, the ALJ chose to rely on the opinions of consulting experts Michael Brown, Ph.D., and Edward Beaty, Ph.D., who concluded Plaintiff would have moderate limitations in his ability to maintain attention and concentration (noting his pain complaints would episodically slow his work pace (Tr. at 440)), complete a normal workday and week without interruption, and respond appropriately to changes in the work setting. (Tr. at 439.) Nonetheless, they concluded he was able to sustain concentration for simple, repetitive tasks, would need limited contact with the public, and was able to travel, take precautions and make plans.

No vocational expert testified at the hearing. In 1998, a vocational expert wrote an employer would tolerate only one absent day per month. (Tr. at 396.) A second vocational expert in a supplemental statement post-hearing stated the three moderate limitations noted by the consulting experts would result in a finding of disability. (Tr. at 507.) The expert noted a moderate limitation in ability to complete a normal work day or week would "adversely affect productivity and reliability and would thus be a liability to the employer in a variety of areas," especially unskilled, repetitive work. (Tr. at 507.) A moderate limitation in

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 9

two or more areas also would limit an employee to a sheltered work environment, not competitive work. (Tr. at 508.)

An ALJ must consider whether a diagnosis of somatoform disorder affected claimant's perception of pain and the extent to which the perception of pain limits a claimant's ability to function in the work place. *Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996). These findings may dictate the need for vocational expert testimony. *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 619 (10th Cir. 1995) (requiring "expert vocational testimony or other similar evidence" when mental impairments diminish a claimant's residual functional capacity). Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 11)** is **GRANTED IN PART;** the matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 16)** is **DENIED.**

3. Any application for attorney fees shall be filed by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED May 31, 2005.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE


ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 10